IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RAY BOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:15cv260-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction**

Plaintiff Steven Ray Bowers ("Bowers") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** Bowers was 42 years old on the date of the administrative hearing and has a high school education. (R. 47). His prior work experience includes work as an electronics mechanic. (R. 35). Following the administrative hearing, the ALJ concluded that

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Bowers has severe impairments of "degenerative disc disease, obesity and obstructive sleep apnea." (R. 23). The ALJ found that Bowers was unable to perform his past relevant work but concluded that he

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant is able to lift 20 pounds occasionally and 10 pounds frequently; sit at least 6 hours in an 8-hour work day; stand and walk in combination at least 6 hours during an 8-hour work day; occasionally climb ramps/stairs, but never climb ladders/ropes/scaffolding; frequently stoop, kneel, crouch and crawl; and work in an environment that would not require exposure to unprotected heights. Due to the potential for medication side effects, the claimant is capable of simple tasks with short, simple instructions.

(R. 25).

Using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, the ALJ concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 36-37). Accordingly, the ALJ concluded that the plaintiff was not disabled. (R. 37).

**B. Plaintiff's Claim.** Bowers presents a single issue for the Court's review. Bowers argues that "[t]he Commissioner's decision should be reversed because the ALJ failed to pose a complete hypothetical question to the Vocational Expert which comprised all of Mr. Bowers' impairments." (Doc. # 11, Pl's Br. at 3-4).

### IV. Discussion

The plaintiff alleges that the ALJ's residual functional capacity ("RFC") finding is inconsistent with the hypothetical questions she posed to the vocational expert, and thus, her RFC determination is not supported by substantial evidence. In the ALJ's RFC finding, she

4

concluded that Bowers could "sit at least 6 hours in an 8-hour work day; stand and walk in combination at least 6 hours during an 8-hour work day . . ." (R. 25).  In her hypothetical questions, the ALJ asked the vocational expert to assume in part that an individual "can sit for at least 8 hours during an eight-hour work day; can stand and walk, in combination, at least six hours during an eight-hour workday." (R. 61-62).  According to the plaintiff, "[g]iven that [the sitting] restriction is significantly more reduced that (sic) the limitations considered by the Vocational Expert, it is unclear whether Mr. Bowers could indeed perform" the jobs identified by the vocational expert. (Doc. # 11 at 8).

The Commissioner concedes that the ALJ erred in this regard.  "As Plaintiff correctly notes, the ALJ's RFC finding indicated Plaintiff could sit up to 6 hours per workday, but the hypothetical to the VE indicated Plaintiff could sit up to 8 hours per workday." (Doc. # 12 at 4).  However, the Commissioner asserts that the ALJ's error was harmless.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in the Social Security case context).

An ALJ is required to independently assess a claimant's residual functional capacity "based upon all of the relevant evidence." 20 CFR § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for assessing residual functional capacity at the administrative law judge hearing . . . level.  If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual

5

functional capacity.")  *See also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." *Peeler v. Astrue,* 400 F. App'x 492, 494 n.2 (11th Cir. 2010).

The ALJ determined that Bowers could perform both light and sedentary work.  In her RFC, she concluded that Bowers could "sit for at least 6 hours during an 8-hour work day." Although the ALJ asked the vocational expert to assume an individual could sit for eight hours during an eight-hour work day, her RFC finding is not inconsistent with the vocational expert's testimony.  To the extent that Bowers asserts that a sitting restriction of at least six hours precludes light or sedentary work, he is simply mistaken.  The regulations defining light work do not specify how much time an individual needs to be able to sit to perform light work.  However, Social Security Ruling 83-10 explains that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time."  SSR 83-10.[5] Sedentary jobs are defined as those jobs which require walking and standing occasionally. "'Occasionally' means occurring from very little up to one-third of the time, and would

---

[5] *Available at* https://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html

generally total no more than about 2 hours of an 8-hour workday.  Sitting would generally total about 6 hours of an 8-hour workday." (*Id*.)  Consequently, an individual who can sit for at least six hours during an eight hour work day is not precluded from performing light or sedentary work.  Thus, the court concludes that any error in the hypothetical questions posed to the vocational expert by the ALJ was harmless.  *See Diorio, supra*; *Howard v. Soc. Sec. Admin., Comm'r*, 566 F. App'x 784, 787 (11th Cir. 2014) ("even if the AC improperly failed to consider some of [the plaintiff's] additional evidence, any error was harmless because we have independently reviewed all submitted evidence.").

      Finally, Bowers argues that this matter should be remanded because the ALJ failed to clarify a statement to the vocational expert.  It is clear that the transcript contains a scrivener's error.  During the questioning of the vocational expert, the ALJ asked the expert to assume

> . . . The individual would have environmental limitations resulting in the need to avoid all kinds of work *and* unprotected heights. . .

(R. 61).  It makes no sense at all for the ALJ to ask a vocational expert to assume that an individual has environmental limitations that result in the need to avoid all work.  Such a question is nonsensical.  Moreover, because the ALJ found in her RFC that Bowers needed to work in an environment "that would not require exposure to unprotected heights," (R. 25), it is apparent that the question posed to the vocational expert referred to "environmental limitations resulting in the need to avoid all kinds of work *at* unprotected heights." (emphasis added).  The court is not required "to remand for express findings when doing so would be

7

a "wasteful corrective exercise" in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision." *Sanchez v. Comm'r of Soc. Sec.*, 507 Fed. Appx. 855, 856 (11th Cir. 2013).

It is clear from the context of the testimony at the administrative hearing, the ALJ's opinion, and from the record as a whole, that the ALJ reviewed and considered all the evidence in the record in determining that Bowers could perform light or sedentary work and was, therefore, not disabled.

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 19th day of May, 2016.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE